Robert F. LAUFMAN and Kathleen
G. Laufman, Plaintiffs,

v.

OAKLEY BLDG. & LOAN CO., et al.,
Defendants.

Civ. A. No. C-1-74-153.

United States District Court,
S. D. Ohio, W. D.

Sept. 8, 1975.

Donald F. Colegrove, Cincinnati, Ohio, for plaintiffs; Robert Laufman, Jeny, F. Kaminsky, Asst. U. S. Atty., Cincinnati, Ohio, Jay P. Mulkeen, NCDH, Washington, D.C., of counsel.

Mathew G. Ash, Washington, D.C., for Fed. Home Loan Bd., amicus curiae.

Frank E. Schwelb, Housing Section, Civil Rights Div., Dept. of Justice, amicus curiae.

Louis A. Ginocchio, Cincinnati, Ohio, for defendants; Warren R. Lowe, Cincinnati, Ohio, of counsel.

ORDER

DAVID S. PORTER, District Judge.

The United States of America, by and through the Justice Department, Housing Section, Civil Rights Division, has made application for leave to file a brief *amicus curiae* in this matter (doc. 25), representing that the United States of America and various of its agencies have important responsibilities under the acts which this case requires the Court construe—particularly under the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq.* The Government's application also indicates that the issue raised by defendants' motion for summary judgment in this case, that being whether the Fair Housing Act prohibits the practice of "racial redlining," is a question of first impression.

The application is opposed by defendants (doc. 29). Defendants argue that the participation of the Federal Home Loan Bank Board as *amicus curiae* and of the National Committee Against Discrimination in Housing as attorneys for plaintiffs sufficiently protects any interests that the Government might have, and that in any event, the Government has not made a showing that its interests will not be adequately protected. This memorandum is countered somewhat by the Government's Reply Memorandum (doc. 32).

Plaintiffs have filed a well reasoned response to defendants' memorandum in opposition to participation by the United States as an *amicus curiae*, arguing that ordinarily no special showing is required

of the United States in connection with an application by it to enter a case as an *amicus curiae* (doc. 33).

The Court has considered these arguments and has determined that the United States of America should be permitted to file its views as an *amicus curiae* in this matter. This case raises a very important question, one in which the United States of America has a vital interest, and which may be a question of first impression. This constitutes a sufficient showing if one is required, although the Court is of the opinion that no showing is required in support of the application by the United States of America in a case such as this.

Accordingly, the application of the United States of America to file a brief *amicus curiae* in this matter, being well taken, is granted.

So ordered.